```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/4/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RICHARD KULICK,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiff,　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　-against-　　　　　　　　　　　: 　No. 1:20-cv-3582 (MKV)
　　　　　　　　　　　　　　　　　　　　　　　:
GAMMA REAL ESTATE LLC, GRE JV SLP LLC,　 　 :
GAMMA FUNDING SPECIAL LIMITED PARTNER 　 :
LLC, JV MANAGEMENT LLC, N. RICHARD　　 　　:
KALIKOW, JONATHAN KALIKOW, JON ILLUZZI, 　:
and VAN NGUYEN,　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendants.　　　　　　　:
------------------------------------------------------------------------x

## **PROTECTIVE ORDER**

The plaintiff and defendants (the "Parties" and each a "Party") having agreed to the following terms, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order – including without limitation the present and future parties to this action, their representatives, agents, experts, and consultants, all non-parties providing discovery in this action, and all other interested persons with notice of this Order – shall adhere to the following terms, upon pain of contempt:

1　　Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. Any person receiving Discovery Material shall use it solely for purposes of litigating this action and not for any other purposes, except as provided hereunder.

Nothing in this Protective Order shall restrict the use of any Confidential Discovery Materials by a Party in the prosecution or defense of this litigation, subject to the terms and restrictions of this Protective Order.

2　　The producing person may designate as "Confidential" Discovery Material containing:

　　　a) non-publicly disclosed scientific, technical, marketing, business, or financial information;

    b)  non-publicly disclosed material relating to ownership or control of any non-public company, and the names of any non-party investors, partners, and tenants and other specific information which, if disclosed, would allow a third party to determine, without further inquiry, the identity of such a non-party investor, partner, or tenant

    c)  any information regarding an individual's personal, financial or property interest;

    d)  any information deemed "Confidential Information" under the terms of GRE JV SLP LLC's Limited Liability Company Agreement (the "SLP LLC Agreement");

    e)  any other category of information hereinafter given confidential status by the Court.

A producing person's designation of a document as "Confidential" hereunder shall not, in and of itself: (i) preclude a party from arguing to the Court in the future that such document should not have been designated as "Confidential" or (ii) warrant sealing

3    With respect to Discovery Material or any portion thereof other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such material "Confidential" by stamping or otherwise clearly marking as "Confidential" in a manner that will not interfere with legibility or audibility. To the extent they deem reasonably practicable, the producing person may produce another copy of said Discovery Material with all or some of the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate portions of deposition transcripts and exhibits that contain Confidential information within 15 days after its receipt of a draft transcript, in which case the final transcript and exhibits of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the stenographer.

4    The Parties shall comply with Rule 9 of the Court's Individual Rules of Practice in Civil Cases when publicly filing any Discovery Material designated as Confidential under this Agreement. In connection with any contemplated motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, after submitting pre-motion conference letters accompanied by a Rule 56.1 statements and counter-statements in accordance with the Court's Individual Rules, the parties shall meet and confer in good faith to discuss their positions with respect to the prospective sealing and redactions of any cited Confidential Discovery Material and to jointly submit a single letter motion addressing their positions with respect to such request to be decided prior to the filing of their summary judgment motions.

5    If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that the producing person previously produced without limitation should be designated as Confidential, he/she may so designate by so apprising all Parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order (to the extent it has not already been publicly filed in this action). At any time, a Party may de-designate as Confidential any Discovery Material or transcript testimony by notifying all Parties in writing (to the extent such information has not already been publicly filed in this action).

      6      No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person, except to the following persons and solely for purposes of litigating this action:

      a) the Parties (including their employees, officers, members, agents and representatives) and party witnesses to this action and, as may be necessary, their auditors, regulators and/or insurers;

      b) the Parties' counsel, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

      c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      d) any non-party witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

      e) any person retained by a Party to serve as an expert witness, consultant or otherwise provide specialized advice to counsel in connection with this action;

      f) outside vendors or service providers that counsel hire and assign to this matter;

      g) stenographers engaged to transcribe depositions conducted in this action; and

      h) the Court and its support personnel, and any mediator or arbitrator that the Parties engage in this matter or that this Court appoints.

      7      Except to the extent prohibited by contract, law, rule or regulation, the Parties may use any document or material obtained outside of the discovery process in this case, regardless of whether or not a copy of that document or material also has been produced in discovery in this case and marked as Confidential Discovery Material.  Accordingly, the scope of this Agreement shall not extend to materials lawfully obtained outside of the discovery process in this case, or the permissible uses of such materials. Notwithstanding anything contained herein, Defendants do not waive, modify, amend or supplant the terms of the SLP LLC Agreement (including, without limitation, Section 9.4 thereof), and expressly reserve any and all rights and remedies thereunder.

      8      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(e), or 6(f) above, such person shall be provided by counsel with a copy of this Order and shall be requested to sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, stating that that person has read this Order and agrees to be bound by its terms.

If the Non-Disclosure Agreement is not signed by the non-party referred to in paragraph 6(d) above, then the Confidential Discovery Material shall only be shown to that non-party at a deposition or at trial or in preparation of same and remain designated as Confidential Discovery Material.  The non-party will not be given possession of any Confidential Discovery Material.

If the Non-Disclosure Agreement is not signed by the person referred to in paragraph 6(e) above, then the Confidential Discovery Material shall not be shown or given to such person.

Said counsel shall retain each signed Non-Disclosure Agreement, and, upon request for good cause, produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, except that non-testifying experts and other witnesses not called at trial or for deposition need not be disclosed.

9   Nothing in this Protective Order shall be deemed a waiver for a Party to assert that certain specified materials are not relevant to or are outside the scope of this litigation and do not need to be produced.

10   All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains discretion whether or not to afford confidential treatment to any Confidential Discovery Material submitted to the Court in connection with any motion, application, proceeding or trial that may result in an order and/or decision by the Court.

11   Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material, and shall return or destroy all Confidential Discovery Material after a final judgment has been reached in this case (with the exception that counsel for the Parties may retain one set of the Confidential Information for its files).

12   The Parties' stipulation regarding Privilege Logging and Non-Waiver is set forth in Rider A hereto. Entry of this Protective Order shall constitute an order of non-waiver pursuant to Federal Rule of Evidence 502(d).

13   This Protective Order shall survive the termination of the litigation and any retained Confidential Discovery Material shall remain confidential subject to the restrictions contained in this Order.

14   This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

15   This stipulation may be executed by electronic signatures, which shall be deemed as original signatures.

Dated: November 23, 2020

| ZEISLER PLLC | HERRICK, FEINSTEIN LLP |
|---|---|
| By: _____<br>Aaron M. Zeisler | By: ___/s/ Scott C. Ross_____<br>Carol M. Goodman |

<table>
<tr><td>

Meghan H. Sullivan
800 Third Avenue, 28th Floor
New York, New York 10022
Tel.:   (212) 671-1921
Email: aaron@zeisler-law.com
            meghan@zeisler-law.com
*Attorneys for Plaintiff Richard Kulick*

</td><td>

Michael Berengarten
Scott C. Ross
Two Park Avenue
New York, New York 10016
Tel.:   (212) 592-1400
Email:  mberengarten@herrick.com
            sross@herrick.com
*Attorneys for Defendants*

</td></tr>
</table>

SO ORDERED:

Date:  12/4/2020              /s/ Mary Kay Vyskocil
New York, New York                Mary Kay Vyskocil
                                  United States District Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RICHARD KULICK,                                            :
                                                           :
                              Plaintiff,    :
                                                           :
                 -against-                           :   No. 1:20-cv-3582 (MKV)
                                                           :
GAMMA REAL ESTATE LLC, GRE JV SLP LLC,                     :
GAMMA FUNDING SPECIAL LIMITED PARTNER                      :
LLC, JV MANAGEMENT LLC, N. RICHARD                         :
KALIKOW, JONATHAN KALIKOW, JON ILLUZZI,                    :
and VAN NGUYEN,                                            :
                                                           :
                            Defendants.   :
------------------------------------------------------------------------x

## **NONDISCLOSURE AGREEMENT**

      I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.

      I agree that I will take all reasonable steps not to disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will delete all discovery information or return it to the Party or attorney from whom I received it.

      By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


Dated: _____

## RIDER A - PRIVILEGE LOGGING AND NON-WAIVER

      I.      Privilege Logging

      1.      The below Privilege Logging and Non-Waiver Provisions are intended to promote the "just, speedy, and inexpensive determination" of this action, pursuant to the Federal Rules of Civil Procedure.

      2.      **Asserting Privilege or Protection**: After the earliest of either the date of anticipation of litigation or date this action was commenced the Parties have agreed that for documents prepared by or sent to or from their outside legal counsel or their in-house legal department attorneys: a) it will not be necessary to produce, review or log these materials; and b) there is no need to provide a log or list of documents produced in redacted form, so long as the redactions are clearly marked on the documents as redactions (except that redactions of "bcc"s to legal counsel need not be marked where the documents are otherwise produced).  All parties reserve their respective rights to challenge any assertion of privilege by the other party.  If a challenge is made, the parties will first meet and confer to resolve any disputes.

      3.      Except as provided in paragraph 2 herein, a Party that fully withholds any other ESI or documents on the grounds of attorney-client privilege, work product protection, and/or any other applicable privilege or protection shall provide a listing of each document or document family in a native Excel (.xls) spreadsheet format providing the information extracted from the following objective metadata fields: document control number range, document date, author(s), recipient(s) (including all addressees, ccs, and bccs), description of document and file type. For email chains, Parties need only provide identifying information with respect to the top-most email in the chain. Parties shall also indicate for each entry on the list, the nature of the privilege and/or protection being asserted (i.e. attorney-client privilege or work product protection).

      4.      **Challenging Asserted Privilege or Protection Over Withheld ESI or Documents**: In the event that a dispute over privilege list issues or the assertion of privilege or protection over withheld or redacted ESI or documents arises that cannot be resolved amicably by the Parties meeting and conferring in good faith, any Party may seek the assistance of the Court to resolve the issues.

      II.      Privilege Non-Waiver Pursuant to FRE 502

      5.      **Non-Waiver by Production**: Production of all documents and ESI in this case shall be without prejudice to and shall not waive, for purposes of this case or otherwise, any attorney-client privilege, anticipation of litigation or work product protection that otherwise would apply. This non-waiver provision should be interpreted to provide the broadest privilege protection allowable under Federal Rule of Evidence 502 and any applicable case law, subject to Paragraph 6 below.

      Nothing contained herein is intended to, or shall serve, to limit any Party's right to conduct a review of documents, ESI or other information, for relevance, responsiveness and/or identification of privileged documents, before production of such documents, ESI or other information to any requesting Party.

6.      **Time for Asserting Privilege And Protection**. A producing Party may assert privilege or protection over produced documents and ESI at any time by notifying the receiving party(ies) in writing of the assertion of privilege or protection, except that:

(a)     Notwithstanding the protections of Paragraph 5 above, affirmative use of ESI or a document by the producing Party in the case waives privilege and protection with respect to it, and of the subject matter to the extent provided by Federal Rule of Evidence 502(a); and

(b)     If any recipient of the document or ESI attempts to use or does use the document(s) or ESI in the case (e.g. as a deposition exhibit, exhibit to a filing, or trial exhibit), the producing Party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

7.      **Disputing Claims of Privilege/Protection Over Produced Documents**. Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the receiving Party shall:

(a)     to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing Party, and segregate and refrain from using or accessing the document(s) or ESI in any way pending resolution of the dispute by the Court; and

(b)     to whatever extent the receiving Party does not contest the assertion of privilege or protection, promptly certify in writing to the producing Party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

8.      **Inadvertent Disclosure**.  A party may seek the return (and/or destruction, as the case may be) of any document produced in response to discovery requests in this action that the party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Document").

A party may request through counsel the return of any document ("Notice of Recall") that it inadvertently produced by identifying the Inadvertently Produced Document and stating the basis for withholding such document from production within ten (10) business days of discovery of the inadvertent production. Once the Notice of Recall is given by the producing party, the receiving party shall, within five (5) business days of receiving the request, return all copies of the document, and confirm in writing that: (i) all hard copies have been destroyed, and (ii) all electronic versions have been permanently deleted from all systems or portable drives in which it existed.

The producing party shall add the subject document to its privilege log and provide the updated Privilege Log to the receiving party. If the Inadvertently Produced Document requires redaction only, the producing party shall within five (5) days of the Notice of Recall, provide to the receiving party a redacted version of the document and an updated privilege.

The return of an Inadvertently Produced Document does not preclude the receiving party from disagreeing with the designation of the document as privileged or redacted and re-produced and bringing a motion to compel its production pursuant to the Federal Rules of Civil Procedure.

If the Notice of Recall is made during or in preparation for a deposition, the examining and defending counsel shall meet and confer at the earliest opportunity to determine appropriate steps under the circumstances consistent with this Order to return the document, redact the document or withdraw the claim of privilege.

Compliance by the producing party with the steps required by this Section 8 to retrieve an Inadvertently Produced Document shall be sufficient, notwithstanding any argument by a party to the contrary, to satisfy the reasonableness requirement of FRE 502(b)(3).