USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/5/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD KULICK,

Plaintiff,

against

GAMMA REAL ESTATE LLC, GRE JV SLP LLC, GAMMA FUNDING SPECIAL LIMITED PARTNER LLC, JV MANAGEMENT LLC, N. RICHARD KALIKOW, JONATHAN KALIKOW, JOHN ILLUZZI, and VAN NGUYEN,

Defendants.

No: 1:20-cv-3582 (MKV)

SECOND AMENDED CASE MANAGEMENT PLAN AND SCHEDULING ORDER

GAMMA REAL ESTATE LLC, GRE JV SLP LLC, GAMMA FUNDING SPECIAL LIMITED PARTNER LLC, JV MANAGEMENT LLC

Counterclaim-Plaintiffs/Third-Party Plaintiffs,

against

RICHARD KULICK

Counterclaim-Defendant,

BEACON REAL ESTATE GROUP LLC and CARLOS E. IMERY

Third-Party Defendants.

MARY KAY VYSKOCIL, United States District Judge:

This proposed Second Amended Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P, Rule 26(f)(3):

1. All parties *do not consent* to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

   The parties are free to withhold consent without adverse substantive consequences. The Parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

2. This case is to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.

**Discovery**

4. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure have been served pursuant to the Court's order.

5. All fact discovery is to be completed no later than July 28, 2021.

6. N/A.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

   a. Substantially all document production has been completed.

   b. Interrogatories shall be served as per S.D.N.Y. Local Rules.

   c. Fact witness depositions shall be completed by June 18, 2021.

   d. Requests to Admit shall be served by June 28, 2021, with responses and objections by the close of fact discovery.

8. Expert Discovery

   a. All expert discovery shall be completed by September 30, 2021.

   b. No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and

depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 8(a).

9. In the case of discovery disputes, the parties should follow Local Rule 37.2 and the Court's Individual Rules of Practice in Civil Cases ("Individual Practice Rules"), which are available at https://nysd.uscourts.gov/hon-mary-kay-vyskocil. Any party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.

10. In the event the Parties are unable to resolve the dispute through the meet and confer process, the Parties may file a joint letter on ECF, no longer than four pages, explaining the nature of the dispute and setting forth the position of each party with respect to the disputed issue, and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. Discovery disputes must be raised with the Court in sufficient time to obtain a ruling and any further discovery that is ordered in advance of the discovery cutoff.

11. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Practice Rules.

12. N/A.

13. On April 5, 2021, the parties engaged in a settlement conference before Magistrate Judge Moses. The parties continue to engage in good faith settlement discussions. Given the progress made at the settlement conference Judge Moses has agreed to participate in a follow up conference with counsel upon request.

14. Counsel for the parties have conferred and their present best estimate of the length of trial is 10-14 days.

***TO BE COMPLETED BY COURT:***

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

**There will be no further extensions of discovery absent extraordinary circumstances.**

15. A Post-Discovery Conference is scheduled for October 13, 2021 at 11:00AM in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007. One week before the conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

a. a statement of any existing deadlines, due dates, and/or cut-off dates;
b. a brief description of any outstanding motions;
c. a brief description of the discovery and undertaken if either party believes any additional discovery that needs to be completed;
d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;
e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;
f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony (*see* Individual Practice Rules ¶4(A)(i));
g. any other issue that the parties would like to address at the conference; and
h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

If no SJ motion is anticipated, the post-discovery conference will serve as a pre-trial conference. Parties should be prepared to discuss scheduling of trial and all pre-trial matters.

**This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 2(G) of the Court's Individual Practice Rules and shall be made no less than three (3) days prior to the expiration of the date sought to be extended. Failure to comply with the deadlines set forth herein may result in sanctions, including preclusion at trial of information not provided or dismissal of claims or defenses.**

SO ORDERED.

Mary Kay Vyskocil
United States District Judge

Dated: May 5, 2021
New York, New York